

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

September 3, 1953

Hon. Lloyd G. Rust, Jr.
County Attorney
Wharton County
Wharton, Texas

Dear Mr. Rust:

Opinion No. S-96

Re: Applicability of the pro-
    visions of the County
    Workmen's Compensation
    law to certain officials.

Your request for our opinion reads in part as fol-. lows:

"Are the County Service Officer, the Li-
brarian, the County Health Officer, the County
Agricultural Agent, the County Home Demonstra-
tion Agent, the County Welfare Case Worker, the
County Health Nurse, and the Deputy County Clerks,
Deputy Sheriffs and County Tax Collectors county
officials or are they county employees and covered
by Article 8309c, V.A.C.S., the Workmen's Com-
pensation Act for county employees and should pre-
miums be paid on their salaries on the Workmen's
Compensation Insurance policy carried by the Coun-
ty as provided in Article 8309c, V.A.C.S.?"

Section 1, Article 8309c, Vernon's Civil Statutes,
authorizes counties to provide Workmen's Compensation In-
surance for county employees and provides, in part, that:

" 'Employee' shall mean every person in the
service of the county who has been appointed in ac-
cordance with the provisions of the Law. No per-
son in the service of the county who is paid on a
piece work basis or on a basis other than by the hour,
day, week, month or year shall be considered an em-
ployee and entitled to compensation under terms of
the provisions of this Act."

In view of this definition, the County Service Officer, Art. 5798a-2, Vernon's Civil Statutes, and the County Librarian, Art. 1683, Vernon's Civil Statutes, are appointed by the Commissioners' Court and are county employees under the literal wording of the Workmen's Compensation Act for county employees.

County Health Officer. Article 4423, Vernon's Civil Statutes, provides that the Commissioners' Court shall appoint a County Health Officer and no compensation or salary shall be allowed except for services actually rendered. The determination of the classification of this position would depend on the facts. In a county in which a physician's full time is devoted to county business, he would be an employee of the county under Art. 8309c. However, if the employment in such capacity is incidental to his private practice and is handled in his own office, he is not a county employee.

The County Agricultural Agent and the County Home Demonstration Agent appointed pursuant to the provisions of Article 164 of Vernon's Civil Statutes are State employees and are not included within the provisions of the County Workmen's Compensation Act. However, they are covered by the Workmen's Compensation Act for federal employees. 5 U.S.C.A., ch. 15, sec. 790 (Federal Employees Compensation Act).

County Welfare Case Worker. The County Welfare Case Worker in the usual sense is a State employee. Art. 695c, V.C.S. However, a county case worker employed by the Commissioners' Court for the purpose of assisting them in determining which persons are eligible for county support as paupers, idiots and lunatics, is a county employee and as such is covered by the provisions of the County Workmen's Compensation Act.

County Health Nurse. Section 1 of Article 4528a, Vernon's Civil Statutes, provides that the Commissioners' Court shall employ one or more Graduate Registered Nurses, subject to removal by the Commissioners' Court without prior

notice.

Deputy County Clerks, Deputy Sheriffs and Deputy County Tax Collectors.  Article 3902, Vernon's Civil Statutes, provides that county officers shall apply to the County Commissioners' Court for authority to appoint deputies, assistants or clerks.

In view of the above statutory provisions, it is our opinion that the County Health Nurse, Deputy County Clerks, Deputy Sheriffs and Deputy County Tax Collectors are county employees.

## SUMMARY

The County Service Officer, the County Librarian, the County Health Officer, County Health Nurse, Deputy County Clerks, Deputy Sheriffs and Deputy County Tax Collectors are county employees within the meaning of Article 8309c, Vernon's Civil Statutes (County Workmen's Compensation Act).  The County Agriculture Agent and the County Home Demonstration Agent are State employees, and are not included within the provisions of the County Workmen's Compensation Act.  However, they are covered by the provisions of the Federal Workmen's Compensation Act.

The County Welfare Case Worker in the usual sense is a State employee.  (Art. 695c, V.C.S.)  However, a county case worker employed by the Commissioners' Court for the purpose of assisting them in determining which persons are eligible for county support as paupers, idiots and lunatics is a county employee and as such is covered by the provisions of the

Workmen's Compensation Act.

APPROVED:                                Yours very truly,

J. C. Davis, Jr.                         JOHN BEN SHEPPERD
County Affairs Division                  Attorney General

Willis E. Gresham
Reviewer

                                         By Julia Brydon
Burnell Waldrep                             Julia Brydon
Executive Assistant                                   Assistant

John Ben Shepperd
Attorney General

JB:da